# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

KATHLEEN SUGGS                                  CIVIL ACTION NOS. 04-0059 & 04-0060

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

JAMES HENRY STANLEY AND                         MAGISTRATE JUDGE HORNSBY
DOROTHY JEAN WICKER STANLEY

## MEMORANDUM RULING

Before the Court is a Motion For Stay of Execution of Order Pending Appeal filed by Defendants James Henry Stanley and Dorothy Jean Wicker Stanley. See Record Document 45. Plaintiff Kathleen Suggs responded to the motion for stay. See Record Document 46.

In March 2006, the Court was advised by the parties that they were working towards a joint motion for stay, which would supercede the motion for stay filed by Defendants. Accordingly, the Court ordered the parties to file any such joint motion by Wednesday, April 12, 2006. See Record Document 47. To date, no joint motion for stay has been filed. However, Defendants filed a supplemental and superceding motion for stay on April 12, 2006. See Record Document 50. Plaintiff has responded to the supplemental and superceding motion for stay. See Record Documents 51 & 52.

Defendants filed their motion for stay under Federal Rule of Civil Procedure 62, seeking a stay of execution of this Court's December 28, 2005 order, which remanded the case to the bankruptcy court for further proceedings, during the pendency of their appeal to the United States Court of Appeals for the Fifth Circuit. Under Rule 62, a supersedeas bond is generally required. However, it is within this Court's sound discretion to order a

partially secured, or even an unsecured, stay.

Both parties have appealed this Court's remand order. <u>See</u> Record Documents 37 & 40. While the parties could not agree to a joint motion for stay, the Court notes references by both parties to a "general agreement" that a stay is appropriate. Further, the parties seem to agree that any stay issued by this Court should halt payments to the Chapter 13 bankruptcy trustee, disbursements/distributions by the trustee, and the running of the term of the Chapter 13 plan, effective December 28, 2005, during the pendency of the appeal. Defendants request that any stay issued by the Court allow the Chapter 13 bankruptcy trustee to pay the balance of the secured claims held by BankCorpSouth Bank in the amount of $695.74 and Resurgent Capital Services in the amount of $50.23.

Defendants further request that the supersedeas bond in this case be waived, as they are unable to provide such bond and the oversight of the bankruptcy trustee protects Plaintiff from the danger of sustaining irreparable harm as a result of delay. Plaintiff admits that the need for a supersedeas bond is an issue for the Court, not the parties, to decide. However, Plaintiff does seem to request that if Defendants cannot furnish a bond, the Court fashion some other form of substitute security.

Based on the foregoing, the Court finds that it is in the best interest of the parties and in keeping with the need for judicial economy to stay the execution and/or enforcement of the December 28, 2005 remand order pending final resolution of the appeal of such order to the United States Court of Appeals for the Fifth Circuit. The stay shall include payments to the Chapter 13 bankruptcy trustee, disbursements/distributions by the trustee, and the running of the term of the Chapter 13 plan. However, the trustee's payment of the balance of the secured claims held by BankCorpSouth Bank in the amount of $695.74 and

Resurgent Capital Services in the amount of $50.23 shall be exempted from the stay. Further, the Court exercises its discretion and hereby waives the requirement of a supersedeas bond in this case. Thus, the original Motion For Stay of Execution of Order Pending Appeal filed by Defendants (Record Document 45) is **denied**. The supplemental and superceding motion for stay filed by Defendants (Record Document 50) is **granted**.

Accordingly,

**IT IS ORDERED** that the execution and/or enforcement of this Court's December 28, 2005 remand order (Record Document 35) be and is hereby **STAYED** pending final resolution of the appeal of such order to the United States Court of Appeals for the Fifth Circuit. The stay shall include payments to the Chapter 13 bankruptcy trustee, disbursements/distributions by the trustee, and the running of the term of the Chapter 13 plan. However, the trustee's payment of the balance of the secured claims held by BankCorpSouth Bank in the amount of $695.74 and Resurgent Capital Services in the amount of $50.23 shall be exempted from the stay.

**IT IS FURTHER ORDERED** that the requirement of a supersedeas bond be and is hereby **WAIVED**.

**IT IS FURTHER ORDERED** that within ten days of a ruling by the United States Court of Appeals for the Fifth Circuit, the parties shall contact the United States Bankruptcy Court, Western District of Louisiana, for the purpose of scheduling a status conference.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE